IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DAVID MCLAUGHLIN, #234 365           *

      Plaintiff,                            *

       v.                                   *         2:04-CV-1028-MEF
                                           (WO)

DOCTOR DARBOUZE                      *

      Defendants.                           *

_____


## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Plaintiff David McLaughlin, an inmate incarcerated

at the Loxley Work Release Center,[1] complains that the defendant violated his Eighth

Amendment right to be free from cruel and unusual punishment by failing to provide him

adequate medical care for back pain.   The sole defendant is Dr. Jean Darbouze, Medical

Director for  Easterling Correctional Facility ["Easterling"] during the relevant time period

in question. Plaintiff seeks injunctive relief in the form of an order requiring Defendant to

provide him with a back brace and monetary damages in the amount of  $200.00 for his pain

and suffering.

In response to the orders of the court, Defendant filed an answer,  special report, and

supporting evidentiary material in response to the allegations contained in the complaint. The

_____

[1]At the time he filed this complaint, Plaintiff was incarcerated at the Easterling Correctional Facility
located in Clio, Alabama.

court then informed Plaintiff that Defendant's special report  may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment.  Plaintiff filed a response to the  special report filed by Defendant.  This case is now pending on Defendant's motion for summary judgment.  Upon consideration of such motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition to this motion, the court concludes that Defendant's motion for summary judgment is due to be granted

## I.  DISCUSSION

*A.  Standard of Review*

To survive Defendant's properly supported motion for summary judgment, Plaintiff is required to produce some evidence to support his constitutional claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  He must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324.  Plaintiff's mere verification of conclusory allegations is not sufficient to oppose a motion for summary judgment.  *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  Consequently, when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" summary judgment is due to be granted in favor of the moving party. *Celotex,* 477 U.S. at 322; *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607 (11th Cir. 1987).  Where all of the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to

it as a matter of law, summary judgment is proper.  *Celotex,* 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to a liberal interpretation by the courts, a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a material fact in order to avert summary judgment.  *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  The record in this case demonstrates that Plaintiff has failed to establish that there is any genuine issue as to a material fact in order to avert judgment in favor of Defendants.

*B.  The Request for Injunctive Relief*

Plaintiff is no longer housed at Easterling which is where he was incarcerated when he filed this action.  The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief.  *See  County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).  As it is clear from the pleadings and records before the court that Plaintiff is no longer incarcerated at Easterling, his  request for injunctive relief has been rendered moot.

*C.  The Deliberate Indifference Claim*

Prior to entering prison, Plaintiff had a spinal operation.  He underwent spinal fusion

surgery in order to make his spinal column more stable and rigid.  Plaintiff asserts that after

the surgery, his physician ordered him a back brace in order to keep a disc in his back from

moving and thereby causing pain.  Although the doctor also ordered a walking cane for

Plaintiff, he advised Plaintiff that it was not medically necessary. (Doc. Nos. 1, 12, 14.)

After he entered custody of the Alabama Department of Corrections, prison personnel

at the Kilby Correctional Facility confiscated Plaintiff's back brace.  Before Plaintiff could

undergo a medical evaluation at Kilby in order evaluate his need for the back brace, he was

transferred to Easterling.  Following his arrival at Easterling, Plaintiff complains that

Defendant failed to take x-rays, failed to order any testing such as a CAT scan or MRI in

order to determine the cause of Plaintiff's back pain, failed to order medication, and failed

to procure the medical records from Plaintiff's free-world physician in order to determine

whether a back brace was medically indicated.   (Doc. Nos. 1, 12, 14.)

Plaintiff complains that Defendant acted with deliberate indifference to his serious

medical needs by failing to properly evaluate and treat his back pain.  According to Plaintiff,

Defendant denied and delayed proper medical care which  caused Plaintiff continued pain

and suffering. (Doc. Nos. 1, 12, 14.)

Defendant denies that he acted with deliberate indifference to Plaintiff's medical

needs and, instead, maintains that he provided him with all necessary medical care and

treatment for his back pain.  He states that medical personnel evaluated and provided

appropriate treatment to Plaintiff in connection with his complaints of back pain.   The

specific care and treatment provided depended upon the observations and evaluations of

Plaintiff's condition by the attending health care professionals.  (Doc. No. 17, Exhs. A & B; Doc. No. 19.)

Defendant acknowledges that Plaintiff complained of back pain during his incarceration at Easterling.  Contrary to Plaintiff's assertions that he was denied timely and constitutionally adequate medical care for his condition, however, Defendant maintains that Plaintiff's complaints of pain were appropriately addressed at all times.   Treatment for Plaintiff's complaints of back pain included prescribing him pain-relieving medication such as Tylenol and Motrin and providing him with medical profiles to limit his activities, *e.g.*, "no heaving lifting," "no prolonged standing," and "no upper bunk."  Defendant also prescribed for Plaintiff muscle relaxants and topical pain relieving medications including Flexeril and Bengay.  Defendant denied Plaintiff's request for use of a back brace based on his determination that it was not medically indicated.  In Defendant's professional opinion, a back brace would  have done nothing to improve Plaintiff's medical condition.  Additionally, Defendant enrolled Plaintiff in the chronic care clinic where medical personnel regularly screened and evaluated him.[2]    (Doc. No. 17, Exhs. A & B; Doc. No. 19.)

To prevail on a claim concerning an alleged denial of adequate medical treatment in violation of the Eighth Amendment, an inmate must, at a minimum, show that the defendants acted with deliberate indifference to his health. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)

---

[2]Plaintiff's medical records reflect that he received x-rays of his back on May 13, 2004 while incarcerated at the Kilby Correctional Facility.  The x-rays indicated that Plaintiff's lumbar vertebrae were in satisfactory alignment.  The x-rays also showed Plaintiff to have mild osteoarthritis with post-operative fusion changes.  (Doc. No. 17,  Exh. A.)

("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."). When seeking relief based on deliberate indifference of correctional medical personnel, an inmate is required to establish "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need and an actual inference of required action from those facts." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (for liability to attach, the official must know of and then disregard an excessive risk to the prisoner); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986). Consequently, deliberate indifference occurs only when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (defendant must have actual knowledge of a serious condition, not just knowledge of symptoms, and ignore known risk to serious condition to warrant finding of deliberate indifference). Furthermore, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

In articulating the scope of inmates' right to be free from deliberate

indifference, however, the Supreme Court has also emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787.   Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers,* 792 F.2d at 1058 (citation omitted).   Mere incidents of negligence or malpractice do not rise to the level of constitutional violations.   *See Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel*, 888 F.2d at 787-88 (mere negligence or medical malpractice 'not sufficient' to constitute deliberate indifference); *Waldrop,* 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference).   Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment.   *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir. 1977)).

*Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991).  Moreover, "whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for liability under the Eighth Amendment." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995).

    To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer,* 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991)....  Even assuming the existence of a serious risk of harm and causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference."   *Farmer,* 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).  Thus, to survive summary judgment on his claim of deliberate indifference, Plaintiff is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference

to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

Defendant's evidence demonstrates that prison medical personnel routinely monitored and evaluated Plaintiff with regard to his complaints of back pain and provided treatment in accordance with their assessment of his condition. Defendant prescribed Plaintiff appropriate pain medication and ordered various medical profiles designed to limit his activity levels. There is no indication in Plaintiff's medical records that he was ever denied any necessary medication or treatment or that he suffered any injury or damage due to a denial of or a deficiency in medical care while at Easterling. (Doc. No. 17, Exhs. A & B; Doc. No. 19.)

Although Plaintiff maintains that he continued to endure back pain, he fails to present any medical evidence establishing that he suffered any detrimental effect as a result of Defendant's' actions or that Defendant in any way disregarded a substantial risk to his health by failing to order his free-world medical records or by failing to request x-rays, a MRI, or a CT scan. *See generally Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003). Plaintiff's reliance on the fact that his free-world physician provided him with a back brace and a walking cane as a basis on which to support his claim of deliberate indifference is misplaced. Such is not evidence that the medical treatment and care he received at Easterling, and specifically from the Defendant, was inadequate, detrimental to his health and well-being, or reflective of any disregard by Defendant of a substantial risk of harm to Plaintiff's health.

This court has conducted a thorough and careful review of all the evidentiary materials

8

submitted by Defendant.  From that review, the undersigned finds that Plaintiff received routine, timely, and appropriate medical care, treatment, and medication  in connection with his complaints of back pain.  He has  no constitutional right to  specific medical treatment on demand simply because he thinks he needs a certain procedure  nor does he have a constitutional right to be treated by a specific doctor, nurse, or other medical personnel. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) ("Society does not expect that prisoners will have unqualified access to health care.").  Further, to the extent Plaintiff's claim is based upon his own disagreement with the prison medical staff about his medical treatment, such claim does not amount to deliberate indifference. *Estelle*, 429 U.S. at 107; *Hamm v. DeKalb County*, 774 F.2d. 1567, 1575 (11th Cir. 1985).  Additionally, any claim that specific medical procedures have been impermissibly delayed requires an inmate to put verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment. *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188-89 (11th Cir. 1994), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Here, the court finds that no verifying evidence has been produced tending to establish any detrimental effect of delay in providing medical services or medical care to Plaintiff while he was incarcerated at Easterling.

Based on the foregoing, the court finds that Plaintiff has failed to establish that his constitutional rights were violated by Defendant.  Assuming, *arguendo*, that Plaintiff's condition constitutes a serious medical need, he has not presented evidence of Defendant's deliberate indifference. Nor has Plaintiff shown that Defendant's treatment decisions reflected a substantial departure from accepted professional judgment, practice, or standards

which tends to show that he did not make decisions based on such judgments. *See Youngberg v. Romeo*, 457 U.S. 307, 323 (1982). While Plaintiff may believe that his condition required certain diagnostic tests or specific medical devices, the fact that Defendant found such procedures and devices neither medically necessary nor medically indicated does not establish deliberate indifference. As noted, a difference of opinion between an inmate and health care personnel regarding the expediency of a specific treatment does not generally create a constitutional claim, and does not do so in the instant case. *Waldrop*, 871 F.2d at 1033; *Hamm*, 774 F.2d at 1575. Plaintiff fails to come forward with any evidence showing that Defendant knew that the manner in which he was treating Plaintiff created a substantial risk to him and that Defendant disregarded that risk. In the absence of such a showing, Defendant's motion for summary judgment is due to be granted. *Celotex,* 477 U.S. at 322-23.[3]

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

---

[3] The court notes that in the complaint, Plaintiff mentions in passing that he is required to pay a $3.00 co-pay when he goes to sick call. The law is clear that requiring inmates with adequate resources to pay for a small portion of their medical care does not necessarily result in arbitrary or burdensome procedures which constitute a violation of the Eighth Amendment. *See Reynolds v. Wagner*, 936 F. Supp. 1216, 1224 (E.D. Pa. 1996). Plaintiff does not allege that he was refused necessary medical treatment because he lacked sufficient funds, or that he has been or will be denied necessary medical treatment in the future, or that his health will be endangered by the imposition of a fee for proposed medical service. The law is equally clear that if an inmate is unable to pay for necessary medical care, he must be maintained at state expense. *Estelle v. Gamble*, 429 U.S. 97. Fee-for-medical and/or dental services programs are not a condition which requires inmates to bear unconstitutional conditions, but rather, forces them to make responsible resource allocation decisions. *See Martin v. DeBruyn*, 880 F. Supp. 610, 614 (N.D.Ind. 1995). Consequently, to the extent Plaintiff alleges that imposition of a $3.00 co-pay for sick call visits violates his constitutional rights, such claim entitles him to no relief under the facts presented.

1.  Defendant's motion for summary judgment (Doc. No. 17) be GRANTED;

2.  Judgment be ENTERED in favor of Defendant and against Plaintiff; and

3.  This case be DISMISSED with prejudice and costs taxed against Plaintiff for which execution may issue.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **January 31, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this day 19th day of January 2007.

11

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE